Case 2:25-cr-00113-RLP    ECF No. 188    filed 11/25/25    PageID.476    Page 1 of 3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 25, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:25-CR-00113-RLP-3 |
| Plaintiff, | ORDER FOLLOWING HEARING ON DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE |
| v. | |
| MIKKI PIKE HATFIELD, | |
| Defendant. | |

On Monday, November 24, 2025, the Court conducted a hearing on Defendant's Motion to Modify Conditions of Release (ECF No. 180). Defendant was represented by retained counsel Nicolas Vieth. Assistant United States Attorney Lisa Cartier-Giroux represented the United States. With Defendant's consent, the undersigned appeared by video from Yakima, Washington.

Defendant requests that the Court remove Condition No. 15, which requires that Defendant's mother serve as a third-party custodian for Defendant and that Defendant reside with their mother. ECF Nos. 138, 180. Defendant requests permission to move from their mother's residence in Boise, Idaho, to an apartment with friends in Spokane, Washington. ECF No. 180. The United States Attorney's Office opposes Defendant's request, ECF No. 184, but United States Probation/Pretrial Services has no objection.

ORDER - 1

Defense counsel argued that the condition modification is warranted because United States Probation/Pretrial Services confirmed that Defendant has fully complied on pretrial release, and Defendant wishes to return to Spokane because Defendant considers it their home.  The United States argued that Defendant's success on supervision thus far is due to residing with Defendant's mother and Defendant's mother serving as a third-party custodian.  ECF No. 184.  The United States expressed concerns regarding Defendant's means of support in Spokane, as well as the stability of Defendant's environment in Spokane.  Additionally, the United States opposed Defendant's release to the proposed release address in Spokane because the two coresidents in the home possessed a firearm and marijuana in the home.  In response, Defendant asserted that both the firearm and the marijuana have been removed from the residence.  Finally, the United States requested confirmation that the landlord of the proposed release address will allow Defendant to reside in the home.

The Court shares some of the United States' concerns regarding the coresidents' marijuana use or possession, firearm possession, and landlord's approval.  Thus, the Court will grant Defendant's motion for modification of conditions only upon the receipt of a declaration by both proposed coresidents of Defendant's release address asserting the following under penalty of perjury:

- There will be no controlled substances, including marijuana, inside the residence during the time Defendant resides in the home.

- Any and all firearms have been removed from the residence, and there will be no firearms inside the residence while Defendant resides there.

- The coresidents are the signatories of the lease to the residence, and the landlord has provided permission for Defendant to reside in the home.

Upon receipt of the declaration, the Court will grant Defendant's motion. Once in Spokane, Defendant shall seek gainful employment or participate in community service.

**IT IS SO ORDERED.**

DATED November 25, 2025.

_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 3