S. Peter Serrano
United States Attorney
Eastern District of Washington
Rebecca R. Perez
Lisa C. Cartier-Giroux
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>         v.<br><br>MIKKI PIKE HATFIELD,<br><br>         Defendant. | Case No. 2:25-cr-00113-RLP-3<br><br>United States Response to ECF 185 |

Plaintiff United States of America, by and through S. Peter Serrano, United States Attorney for the Eastern District of Washington, and Rebecca R. Perez and Lisa Cartier-Giroux, Assistant United States Attorneys, hereby submits its response to the Court's Text Order at ECF 185.

This Court has ordered a response based on the fact that the proposed plea agreement documents "differ from what is contemplated by the U.S. Attorney's manual."[1] Accordingly, the Court directed the parties to provide 1. Examples of

---

[1] With deference and respect for the Court's judgment, the United States respectfully submits that the negotiation between the parties and the United States' exercise of its executive and prosecutorial discretion is dispositive here. *See, eg United States v. Banuelos–Rodriguez,* 215 F.3d 969, 976 (9th Cir. 2000) (en banc) ("Courts generally have no place interfering with a prosecutor's discretion regarding whom to prosecute, what charges to file, and whether to engage in plea

United States Response to ECF 185 – 1

1  similar diversion agreements from other jurisdictions, and 2. Briefing on the
2  Court's authority to order and collect restitution prior to a judgment.
3        The Justice Manual[2] is a publicly-available document which "sets forth
4  internal DOJ policies and procedures." As the Justice Manual itself states, the
5  entire document consists of and offers internal guidance and "is not intended to,
6  does not, and may not be relied upon to create any rights, substantive or
7  procedural, enforceable at law by any party in any matter." See Justice Manual,
8  Section 1-1.200.  Predictably, the Ninth Circuit has repeatedly concluded that it
9  does not confer any substantive legal rights on any Defendant.  *See United States v.*
10 *Montoya,* 45 F.3d 1286, 1294 (9th Cir. 1995) ("failure to strictly comply with the
11 *United States Attorneys' Manual* creates no enforceable rights"); *United States v.*
12 *Wilson,* 614 F.2d 1224, 1227 (9th Cir. 1980) (holding that *United States Attorneys'*
13 *Manual* guidelines do not have the force and effect of law).  For those reasons, the
14 United States respectfully submits that whether or not a proposed resolution in any
15 given case complies with the terms of the Justice Manual (as this one does, as set
16 forth *infra*) is simply not relevant to whether that proposed resolution should
17 proceed, particularly where the Defendant himself is prepared to enter into the
18 proposed resolution.
19       Section 9-22.000 of the Justice Manual does discuss pretrial diversion
20 programs. It states that "individuals who successfully complete a PTD (pretrial
21 diversion) program may qualify for a range of case outcomes, including the

---

negotiations."); *In re Ellis*, 356 F.3d 1198, 1209–10 (9th Cir. 2004) (under the doctrine of separation of powers, a court generally lacks the power to tell a prosecutor what charges to bring, because "[t]he procedures contemplated by Rule 11 guard against an intrusion of this nature into the separate powers of the executive branch").

[2] The Justice Manual was formerly known as the "United States Attorney's Manual."  The United States infers that this is the manual referred to in the Court's order at ECF 185.

United States Response to ECF 185 – 2

1  declination of charges, dismissal *or reduction of charges*, or a more favorable
2  recommendation at sentencing." (emphasis added*)*. Section 9-22.100 indicates it is
3  within the discretion of the United States Attorney, with "delegation to supervisory
4  prosecutors as may be warranted" to determine which defendants may be eligible
5  for such a program.
6      Here, the ultimate effect of the diversion to which Defendant is agreeing is
7  specifically contemplated by the Justice Manual—assuming he completes the
8  terms of the contract, he will qualify for a reduction in charges from a felony to a
9  misdemeanor. The United States Attorney and his delegates (including, in this
10 case, every supervisor in the United States Attorney's Office for the Eastern
11 District of Washington) have reviewed and approved the proposed plea agreement
12 documents. There is nothing in the Justice Manual which would preclude such an
13 agreement or suggest it is inappropriate.
14      1. <u>Examples of pretrial diversion or deferred sentencing agreements</u>
15      Notwithstanding the above, the United States has located similar resolutions
16 from Districts across the Nation.  The District of Columbia routinely enters
17 deferred sentencing/diversion agreements for drug matters. The terms, of course,
18 are significantly different from what is proposed here, but the same general format
19 exists: the defendant enters a plea to a felony, and if certain contractual terms are
20 completed then the charge is reduced. An example of the fill-in-the-blank form is
21 attached as Exhibit 1.
22      The United States has been able to conduct a non-exhaustive search for
23 similar agreements or practices in other districts, as well. The Northern District of
24 Illinois has a program known as "SOAR" ("Sentencing Options that Achieve
25 Results") which allows a defendant to comply with certain terms prior to
26 sentencing, pay restitution, and then upon completion of the program may be
27 eligible to withdraw his/her plea and plead to a misdemeanor or have the charges
28 dismissed.  The District of Utah has a similar program known as "UACT" ("Utah

United States Response to ECF 185 – 3

1  Alternatives to Conviction Track Program") which has several possible paths for a
2  defendant, but at least one of those permits a defendant to plead guilty to a felony
3  and then participate in UACT for 24 months. If the defendant successfully
4  completes the terms of UACT, the defendant is permitted to withdraw the plea and
5  the case is dismissed. The Northern District of Texas similarly will offer a deferred
6  sentencing-type agreement, with a defendant pleading guilty and then deferring
7  sentencing for 24 months. During that time, the defendant must participate in
8  certain programming. If completed, at the end of the 24 months the defendant is
9  offered a probation sentence.

10      The terms of all of the above-listed examples vary based on the district and
11  the defendant. As with all plea agreements, the United States has the discretion to
12  offer a plea, the United States and Defendant each have the ability to negotiate the
13  terms they want, and the final terms of such agreements are a contract between the
14  parties. *See, e.g., Garza v. Idaho,* 586 U.S. 232, 238 (2019) (stating that "plea
15  agreements are essentially contracts").

16      2.  Restitution

17      The United States understands the Court's order directing briefing on "the
18  Court's authority to order and collect restitution prior to a judgment" to be a
19  concern about whether it could impose a $50/month payment as a condition of pre-
20  trial release. The version of the deferred sentencing agreement submitted to the
21  Court contained, within the section titled "Conditions of Release Pending
22  Sentencing," a condition of release that the Defendant pay $50 per month into the
23  Court's registry during the period of the deferred sentencing agreement.

24      The United States accepts the Court's concern and has amended the
25  Agreement. The monthly payment provision has been removed from the
26  "Conditions of Release Pending Sentencing" section and placed into the "Joint
27  Agreements by the United States and Defendant" section. The language of the
28  restitution provision has also been updated to remove any reference to the payment

United States Response to ECF 185 – 4

being a condition of pre-trial release, as well removing any implication that the Court is ordering the Defendant to make a pre-trial payment. The provision now reads:

> Defendant agrees to pay $50 per month as pre-judgment payments towards the outstanding restitution debt the parties have agreed to in the Plea Agreement. The payment will be made to the Court Registry, in accordance with an order of the Court permitting the Clerk's Office to accept payment, which the parties will jointly request to be entered at the entry of plea. Defendant's payments shall be held in escrow in the Court Registry during the period of this Agreement and shall not be released except by further order of the Court. Defendant acknowledges that failure to make payment(s) as agreed shall constitute a violation of this Agreement.

The intention of these changes is to make clear that the Defendant's payment of $50/month is a contractual agreement between the parties, not a condition of pre-trial release ordered by the Court, and is not a court-ordered requirement. It also makes clear that failure to comply with this provision is a contractual breach of the Agreement, rather than a violation of a pre-trial release condition. The United States believes these changes address the Court's concerns because the Court is not being asked to order the payment of restitution prior to a judgment.

With respect to the Court's concern about its "authority to … collect restitution prior to a judgment," the parties are not requesting that the Court "collect" restitution prior to the entry of judgment. Rather, the parties' request, pursuant to Fed. R. Civ. P. 67 and LcivR 67, is for an order permitting the Clerk's Office to deposit the Defendant's monthly payment into the Court's registry to be held in escrow until the judgment is entered. The parties request deposit of the monthly payment into the Court's registry because it is a neutral, third-party escrow that can be easily documented through the Court's accounting systems. It allows for the funds to be easily collectible once judgment is ultimately entered (or

United States Response to ECF 185 – 5

1  alternatively, returned to the Defendant if judgment is not entered). *See* Fed. R.
2  Civ. P. 67, Advisory Committee Notes on 1983 Amendment ("in addition to the
3  advantage to the party making the deposit, the procedure gives other litigants
4  assurance that any judgment will be collectable.").

5      Although not a frequent practice, it is not uncommon for defendants to elect
6  to pay restitution prior to sentencing by making a restitution deposit into the
7  Court's registry. Many defendants seeking a reduced sentence or who are wishing
8  to attempt to make a victim whole may choose to pay restitution prior to
9  sentencing into the Court's registry. Example cases include *United States v.*
10 *Bjarke*, 2:18-cr-00123-RPM, *United States v. Wells*, 2;18-cr-00232-TOR-12,
11 *United Staes v. Jones*, 2:18-cr-00113-WFN, and *United States v. Casillas*, 2:22-cr-
12 00085-TOR. The parties ask that the Court enter the same order permitting the
13 Clerk's Office to accept payment into the Court's registry in this case as has been
14 done in prior cases.

16 Dated December 1, 2025

                                                 S. Peter Serrano
                                                 United States Attorney

                                                 */s/ Rebecca R. Perez*
                                                 Rebecca R. Perez
                                                 Assistant United States Attorney

United States Response to ECF 185 – 6

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the counsel of record.

                                        */s/ Rebecca R. Perez*
                                        Rebecca R. Perez
                                        Assistant United States Attorney

United States Response to ECF 185 – 7